IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-34,326-03






EX PARTE MICHAEL DWAYNE COLEMAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-1-008473-1059070 IN CRIMINAL DISTRICT COURT NO. 1


FROM TARRANT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
building and sentenced to 18 months' confinement in the state jail division of the Texas Department
of Criminal Justice. The Second Court of Appeals dismissed his appeal because he had waived his
right to appeal. See Coleman v. State, No. AP-02-07-386-CR, (Tex. App - Fort Worth, 2007) (not
designated for publication). 

 Applicant contends that his plea was involuntary because counsel advised him that he would
be facing life imprisonment unless he pleaded guilty. Applicant has alleged facts that, if true, might
entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d
791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d) in that it shall order counsel to file an affidavit addressing: (1)
whether he advised Applicant that he would be facing life imprisonment unless he pleaded guilty; 
(2) whether there were any offenses not alleged in the indictment which could have been used to
enhance Applicant's sentence; and, (3) whether counsel believes that Applicant freely, knowingly,
and voluntarily entered his plea. In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. Specifically, the trial judge shall make findings of fact as to
whether counsel advised Applicant that he would face life imprisonment unless he pleaded guilty. 
The trial judge shall also make findings of fact as to whether there were any additional offenses to
those alleged in the indictment which could have been used to enhance Applicant's sentence. The
trial judge shall also make findings as to whether Applicant freely, knowingly, and voluntarily
entered his plea. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 18, 2008

Do not publish